IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| JARROT A. COOPER, | ) | |
| | ) | |
| Petitioner, | ) | No. 9:03-cv-0590-DCN |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on Jarrot A. Cooper's ("Cooper") petition to reopen habeas proceedings, ECF No. 349, and the government's motion to dismiss Cooper's petition, ECF No. 353. For the reasons set forth below, the court construes the petition as a motion to vacate, set aside, or correct Cooper's federal sentence pursuant to 28 U.S.C. § 2255 and dismisses it. Accordingly, the court grants the government's motion to dismiss.

## I. BACKGROUND

The procedural history of Cooper's conviction and the facts that underlie it can be found in the court's prior order, ECF No. 372, which granted Cooper's motion for relief under the First Step Act. In short, on May 3, 2004, a jury convicted Cooper for violations of 21 U.S.C §§ 841(a)(1), 841(b)(1)(A) and 846 on Count 1 and for violations of 18 U.S.C. §§ 924(c)(1)(A)(i) and 924(o) on Count 2. On January 13, 2006, the court sentenced Cooper to concurrent imprisonment terms of 360 months as to Count 1 and 240 months as to Count 2, to be followed by eight years of supervised release. ECF No. 143. On February 19, 2008, Cooper filed his first motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. ECF No. 207. On July 17, 2008, the court,

1

considering and rejecting the substance of his asserted grounds for relief, denied Cooper's § 2255 motion on the merits.  ECF No. 237.

On August 19, 2013, Cooper filed a second motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, ECF No. 305, which this court denied as an unauthorized successive petition on May 7, 2014, ECF No. 330.  On February 12, 2018, Cooper filed the instant motion, styled as a petition "to re-open habeas (§2255) proceeding[s] pursuant to Federal Rules [sic] of Civil Procedure 60(b)(6)."  ECF No. 353 at 1 (initial brackets and parentheses in original).  On April 2, 2018, the government responded by filing a motion to dismiss Cooper's petition.  ECF No. 353.  On June 12, 2018, Cooper responded to the government's motion.  ECF No. 357.

Before the court resolved the instant motion, on March 23, 2019, Cooper pursued another avenue of relief by filing a motion to reduce his sentence under the First Step Act.  ECF No. 358.  On June 29, 2020, the court granted Cooper's motion and reduced his term of imprisonment to a term of time served and his term of supervised release to concurrent terms of six years for Count 1 and three years for Count 2.  ECF No. 372.

## II.  STANDARD

Federal district courts are charged with liberally construing petitions filed by pro se litigants to allow the development of a potentially meritorious case.  See Hughes v. Rowe, 449 U.S. 5, 9–10 (1980).  Pro se petitions are therefore held to a less stringent standard than those drafted by attorneys.  See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).  Liberal construction, however, does not mean that a court may ignore a clear failure in the pleading to allege facts that set forth a cognizable claim.  See Weller v. Dep't of Soc. Servs., 901 F.3d 387, 390-91 (4th Cir. 1990).

> Pursuant to 28 U.S.C. § 2255(a):
>
> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The petitioner must prove the grounds for collateral attack by a preponderance of the evidence. See King v. United States, 2011 WL 3759730, at *2 (D.S.C. Aug. 24, 2011) (citing Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958)). In deciding a § 2255 petition, the court shall grant a hearing, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

### III.  DISCUSSION

In his petition, Cooper asserts that he is entitled to relief based on the Supreme Court's recent decision in Nelson v. Colorado, 137 S. Ct. 1249 (2017). In response, the government argues that the court must construe Cooper's motion as one to vacate, reduce or correct his sentence under § 2255 and, therefore, that the court is without jurisdiction to substantively consider Cooper's motion because it is an unauthorized successive petition. The court agrees with the government, construes Cooper's motion one under § 2255, and denies it.

In order to resolve Cooper's motion, the court must first characterize the motion based on the substance it contains, not the caption it bears. The Fourth Circuit has made clear that criminal defendants may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. See United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003), abrogated in part on other grounds by United States v.

McRae, 793 F.3d 392, 400 (4th Cir. 2015). As the Seventh Circuit has noted, "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit... or an application for a Get–Out–of–Jail–Card; the name makes no difference. It is substance that controls." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004).

The Fourth Circuit has noted that while a district court does not have jurisdiction to consider a successive § 2255 petition, it must consider the substance of a criminal defendant's motion made under Fed. R. Civ. P. 60(b). McRae, 793 F.3d at 400. In determining whether a motion should be cast as one under Rule 60(b) or § 2255, the Fourth Circuit has guided that "[a] Rule 60(b) motion [ ] challenges some defect in the integrity of the federal habeas proceedings," while a § 2255 petition "attacks the substance of the federal court's resolution of a claim on the merits," Id. at 397 (internal citations and question marks omitted). In other words, if Cooper's motion identifies some defect in the process by which the court resolved his previous § 2255 petitions, it should be characterized as a Rule 60(b) motion; where, however, the motion presents substantive grounds for relief from his sentence, the court should construe the motion as one under § 2255.

The substance of Cooper's motion argues that he is entitled to relief based on his reading of Nelson v. Colorado, which he contends stands for the proposition that a court may not enhance a defendant's recommended sentence range under the United States Sentencing Guidelines based on conduct for which the defendant was acquitted. ECF No. 349 at 3. The accuracy of Cooper's interpretation of Nelson v. Colorado aside, his argument clearly attacks the legitimacy of his sentence rather than the integrity of the

court's rejection of his previous § 2255 petitions. Cooper tries to circumvent this conclusion by contending that Nelson v. Colorado's "intervening change in controlling law" represents "an attack on the integrity of his habeas proceeding . . . ." Id. at 1. However, an intervening change in the controlling law is one of the grounds for which § 2255 explicitly provides, and a challenge on those grounds does not affect the integrity of the process by which the court resolved either of Cooper's previous § 2255 petitions. In fact, § 2255 specifically states that a court of appeals may authorize the filing of a successive petition based on "a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review." 28 U.S.C. § 2255(h). As such, the proper vehicle for Cooper's request is a motion under § 2255, not Rule 60(b). Thus, the court interprets Cooper's motion as one to vacate, set aside, or correct his sentence under § 2255.

In the absence of pre-filing authorization from a court of appeals, the district court lacks jurisdiction to consider a successive § 2255 motion. Winestock, 340 F.3d at 208 (4th Cir. 2003). A motion is successive if it was preceded by a § 2255 motion that was dismissed on the merits. Slack v. McDaniel, 529 U.S. 473, 489 (2000). As the court stated above, Cooper has already filed a § 2255 petition, ECF No. 207, which this court dismissed on the merits, ECF No. 237. Cooper has not received authorization from the Fourth Circuit to file a successive petition. Therefore, the court is without jurisdiction to consider Cooper's motion and must dismiss it.[1]

---

[1] Nothing in this order shall affect the court's resolution of Cooper's motion under the First Step Act or its reduction of Cooper's sentence, as it is reflected in the court's June 29, 2020 Order, ECF No. 372.

Rule 11(a) of the Rules Governing § 2255 Proceedings provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by establishing that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003). Here, Cooper does not meet this standard because there is nothing debatable about the court's resolution of his § 2255 petition.

## IV.   CONCLUSION

For the foregoing reasons the court **DENIES** Cooper's motion to reopen habeas proceedings and **GRANTS** the government's motion to dismiss

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**July 21, 2020**
**Charleston, South Carolina**